Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000642
27-FEB-2015
08:28 AM

NO. CAAP-12-0000642

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CRAIG A. GOMEZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CASE NO. 1DTC-12-040907)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Craig A. Gomez (Gomez) by complaint with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (OVLPSR-OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-62(a)(1) and/or (a)(2) (Supp. 2014). The complaint also alleged that Gomez was subject to sentencing as a repeat offender under HRS § 291E-62(b)(2) (Supp. 2014).[1] After a

---

[1] HRS § 291E-62 provides in relevant part:

(a)    No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section

(continued...)

bench trial, the District Court of the First Circuit (District Court)[2] found Gomez guilty as charged. The District Court sentenced Gomez to thirty days in jail, and it imposed a $1,000 fine and revoked his license for two years. The District Court entered its Judgment on June 20, 2012, and this appeal followed.

On appeal, Gomez argues: (1) the District Court erred in granting the State's motion to amend the OVLPSR-OVUII charge; (2) the District Court erred in (a) admitting the Driver's License Letter (Exhibit 1) without testimony by its author, because based on Melendez-Diaz v. Massachusetts, 557 U.S. 305

---

[1] (...continued)
200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

    (1)    In violation of any restrictions placed on the person's license; [or]

    (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked; . . .

. . . .

    (b)    Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

. . . .

    (2)    For an offense that occurs within five years of a prior conviction for an offense under this section, section 291E-66, or section 291-4.5 as that section was in effect on December 31, 2001:

        (A)    Thirty days imprisonment;

        (B)    A $1,000 fine;

        (C)    Revocation of license and privilege to operate a vehicle for an additional two years; and

        (D)    Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable; . . .

. . . .

    (c)    The applicable period of revocation in subsection (b) shall commence upon the release of the person from the period of imprisonment imposed pursuant to this section.

[2] The Honorable T. David Woo, Jr. presided.

(2009), this violated Gomez's rights under the Sixth Amendment's Confrontation Clause; and (b) admitting the Judgment in Case No. 1DTC-11-059870 (Exhibit 2) and the traffic abstract (Exhibit 3), because they were not relevant; and (3) without Exhibits 1, 2, and 3, there was insufficient evidence to support Gomez's OVLPSR-OVUII conviction.

As explained below, we conclude that: (1) the District Court did not err in permitting the State to amend the OVLPSR-OVUII charge; (2) based on Melendez-Diaz, the District Court erred in admitting Exhibit 1 because the admission of that exhibit violated Gomez's Sixth Amendment confrontation rights; (3) the Circuit Court did not err in admitting Exhibits 2 and 3; and (4) based on the properly admitted evidence, there was sufficient evidence to support Gomez's conviction. We further conclude, however, that in seeking to prove the essential element that Gomez drove while his license remained suspended or revoked, the State erroneously focused and relied on the Judgment in Case No. 1DTC-11-059870, which did not show that Gomez's license was suspended or revoked at the time of the OVLPSR-OVUII offense charged in this case. Because of the manner in which the State presented its case, the District Court's apparent erroneous reliance on the Judgment in Case No. 1DTC-11-059870 in finding that Gomez's license was revoked at the time of the charged offense, and the uncertainty over whether the District Court would have made the same finding based on other properly admitted evidence, we vacate Gomez's OVLPSR-OVUII conviction and remand for a new trial.

I.

In this case, Gomez was charged with OVLPSR-OVUII for operating a vehicle on February 15, 2012. In order to establish the charged offense, the State was required to prove that on February 15, 2012, Gomez's license remained suspended or revoked pursuant to one of the OVUII-related provisions set forth in HRS § 291E-62. See note 1, supra. At trial, the State introduced Exhibit 2, which was a criminal Judgment against Gomez, filed on

3

January 24, 2012, in Case No. 1DTC-11-059870 (1DTC-11-059870 Judgment). The 1DTC-11-059870 Judgment reflected that Gomez had been convicted of OVLPSR-OVUII and sentenced on January 24, 2012, to three days in jail, which was to be executed on February 17, 2012, as well as license revocation for one year. The State also introduced Exhibit 3, a traffic abstract for Gomez, which included references to Case No. 1DTC-11-059870 and reflected that Gomez's jail term imposed on January 24, 2012, was executed on February 17, 2012. The traffic abstract, which was twenty-eight pages long, also referenced an administrative revocation proceeding, pursuant to HRS 291E Part 3, and indicated that Gomez's license was revoked in that proceeding for 18 months on September 2, 2011.

In closing argument, the State argued to the District Court that the 1DTC-11-059870 Judgment regarding Gomez's prior OVLPSR-OVUII conviction showed that Gomez was on notice that his license was revoked at the time of the current offense, when he drove on February 15, 2012. The problem with this argument is that HRS § 291E-62, the statute that defines the OVLPSR-OVUII offense, specifically provides that the applicable period of revocation for an OVLPSR-OVUII conviction "shall commence upon the release of the person from the period of imprisonment imposed[.]" HRS § 291E-62(c). Because the 1DTC-11-059870 Judgment stayed execution of Gomez's term of imprisonment until February 17, 2012, his driver's license was not revoked pursuant to the 1DTC-11-059870 Judgment at the time he drove in this case. The State did not mention the administrative revocation proceeding listed in the traffic abstract, which the traffic abstract indicated resulted in the revocation of Gomez's license for 18 months on September 2, 2011.

In rendering its verdict, the District Court focused on the 1DTC-11-059870 Judgment. The State directed the District Court to pages 3 and 4 of Gomez's traffic abstract, which

referenced the case underlying the 1DTC-11-059870 Judgment. The District Court also stated:

> That on January 24th 2012[,] Craig Anthony Gomez pled no contest to the offense of, uh, of 291E-62(A), Driving After License Suspended for Driving Under the Influence, and was -- and was sentenced by Judge Lono Lee on that day. The court also finds that per -- that defendant was -- was, um -- also finds from Exhibit 2 that judgment and notice of entry of judgment was entered by the District Court First Circuit, State of Hawaii.

The District Court subsequently stated that "based on the evidence adduced, the court finds that the State has proven its case beyond a reasonable doubt." The District Court did not mention any administrative revocation of Gomez's license in rendering its verdict.

Under these circumstances, because of the manner in which the State presented its case, the District Court's apparent erroneous reliance on the 1DTC-11-059870 Judgment in finding that Gomez's license was revoked at the time of the charged offense, and the uncertainty over whether the District Court would have made the same finding based on other properly admitted evidence, we vacate Gomez's conviction.[3]

II.

With respect to the other issues raised in this case, we rule as follows:

1. The District Court did not err in granting the State's motion to amend the OVLPSR-OVUII charge. State v. Kam, 134 Hawai'i 280, 284-87, 339 P.3d 1081, 1085-88 (2014).

2. Based on Melendez-Diaz, 557 U.S. 305, the District Court erred in admitting Exhibit 1, the Driver's License Letter, because the admission of the letter without testimony by its author violated Gomez's rights under the Sixth Amendment's

---

[3] We view the unusual situation presented by this case to be somewhat analogous to the situation in which a trial court improperly admits evidence over the defendant's objection and relies on that evidence in returning a guilty verdict. In this latter situation, even if the properly admitted evidence is sufficient to support the conviction, we would vacate the conviction under the harmless error analysis if we could not say that the trial court's error in admitting the improper evidence was harmless.

Confrontation Clause. <u>State v. Souleng</u>, --- P.3d ---, No. CAAP-12-0000196, 2015 WL 291341, at *4-7 (Hawai'i App. Jan. 22, 2015).

3. The District Court did not err in admitting Exhibits 2 and 3. Contrary to Gomez's claim, the State presented sufficient evidence to show that he was the "Craig Gomez" named in these exhibits. Among other things, the State showed that Gomez's name, date of birth, and last four digits of his social security number matched the information contained in Exhibits 2 and 3. Exhibits 2 and 3 were clearly relevant as they contained evidence of Gomez's prior traffic convictions and periods of license revocation -- evidence that tended to prove the OVLPSR-OVUII offense charged in this case.

4. Even without considering Exhibit 1, the other properly admitted evidence, when viewed in the light most favorable to the State, was sufficient to show that Gomez had committed the charged OVLPSR-OVUII offense. Gomez does not argue otherwise, but only contends that without Exhibits 1, 2, and 3, the evidence was insufficient.

III.

For the foregoing reasons, we vacate the Judgment entered by the District Court in this case, and we remand the case for a new trial.

DATED: Honolulu, Hawai'i, February 27, 2015.

On the briefs:

Page C. Kraker
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

6